**AMERICAN FIRE, THEFT & COLLISION MANAGERS, INC., d/b/a American Pacific Autoplan, Plaintiff–Appellant,**

v.

**Roxani M. GILLESPIE, Individually and as Insurance Commissioner for the State of California, and Jon Tomashoff, individually and as an Investigator of the Department of Insurance of the State of California, Defendants–Appellees.**

**No. 89–16210.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 1991.

Decided May 8, 1991.

Andrew Goodman, Rosner & Goodman, New York City, for plaintiff-appellant.

Robert E. Murphy, Deputy Atty. Gen., San Francisco, Cal., for defendants-appellees.

Before FLETCHER, NORRIS and TROTT, Circuit Judges.

FLETCHER, Circuit Judge:

Plaintiff American Fire, Theft & Collision Managers, Inc., d/b/a American Pacific Autoplan ("American Fire"), appeals the dismissal by summary judgment of its 42 U.S.C. § 1983 action against Roxani Gillespie and Jon Tomashoff, officials of the State of California. The district court granted the defendants' motion for summary judgment on the ground that they were entitled to qualified immunity. Because the defense of qualified immunity is available only in actions for damages, and American Fire is not seeking damages, we reverse.

## FACTS

American Fire was in the business of selling automobile repair service contracts that obligate it to pay for automobile repairs necessitated by damage from various causes, including collision, fire, vandalism, and theft. The automobile owner who enters into the contract pays for repairs primarily through an annual prepayment fee and renewal payments.

On August 28, 1987, the California Department of Insurance issued Bulletin No. 87–9 ("Bulletin"), which expressed the view that such automobile repair service contracts constitute automobile insurance under California law. The Bulletin noted that none of the sponsors of automobile repair service contracts reviewed by the Department of Insurance were licensed to engage in the insurance business in California. The Bulletin warned that those selling such contracts could be "subject to charges of violating Section 703 of the Insurance Code—aiding a non-admitted insurer to transact insurance business in this State."

On January 19, 1988, American Fire filed a complaint in federal district court pursuant to 42 U.S.C. § 1983 (1988).[1] The complaint alleged that Gillespie, by issuing the Bulletin, and Tomashoff, by distributing the Bulletin to insurance brokers and threatening to revoke the license of any broker who refused to stop selling the contracts, violated American Fire's rights under the due process clause of the fourteenth amendment. Essentially, American Fire claimed that the defendants drove it out of business by issuing and publicizing a regulation promulgated contrary to California administrative law. The complaint sought relief in the form of compensatory and punitive damages, attorney's fees and costs, and an order

> enjoining Defendants, their agents, employees and/or representatives, from taking any action whatsoever against any individual or entity in regard to any sale of Plaintiff's contracts prior to the entry of any administrative or judicial order, entered in compliance with the United States Constitution and California law, adjudicating the propriety of the sale of Plaintiff's contract.

In their answer, Gillespie and Tomashoff asserted the affirmative defense of qualified immunity, and on August 16, 1989, the district court granted summary judgment in their favor on that ground although American Fire had abandoned its claim for damages. American Fire filed a timely appeal. We have jurisdiction under 28 U.S.C. § 1291 (1988). We review de novo the district court's grant of summary judgment on the basis of qualified immunity. *DiMartini v. Ferrin*, 889 F.2d 922, 925–26 (9th Cir.1989), *amended*, 906 F.2d 465 (9th Cir.1990).

## DISCUSSION

At the outset of its order granting summary judgment, the district court stated, "Plaintiff has dropped its claim for damages, and this is now an action only for declaratory relief." The district court record before us does not otherwise reflect

---

**1.** Section 1983 reads in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

that American Fire has abandoned its claim for damages. However, all the parties on appeal agree with this characterization of the case. We accordingly treat the action as not including a claim for damages.[2]

 With the case thus framed, a simple and well-established principle disposes of this appeal. "Qualified immunity is an affirmative defense to damage liability; it does not bar actions for declaratory or injunctive relief." *Presbyterian Church (U.S.A.) v. United States*, 870 F.2d 518, 527 (9th Cir.1989) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 806, 102 S.Ct. 2727, 2732, 73 L.Ed.2d 396 (1982)); *see also Wood v. Strickland*, 420 U.S. 308, 315 n. 6, 95 S.Ct. 992, 997 n. 6, 43 L.Ed.2d 214 (1975) ("[I]mmunity from damages does not ordinarily bar equitable relief as well.").

We elaborated on the rationales behind this principle in *Hoohuli v. Ariyoshi*, 741 F.2d 1169 (9th Cir.1984), where we found the defense of qualified immunity inapplicable in a section 1983 action brought to enjoin state officials in Hawaii from disbursing certain benefits only to aboriginal Hawaiians. Relying on *Wood v. Strickland* and *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), we identified two primary justifications for the doctrine of qualified immunity. First, immunity from personal monetary liability ensures that government officials will not "hesitate and react with indecision" when confronting a difficult problem that calls for a quick and decisive response. 741 F.2d at 1176. Second, we recognized the danger that in the absence of such immunity, "[a]ll but the most fearless, or foolish, would be reluctant to participate in public service." *Id.* Where an action seeks equitable and not monetary relief, however, these concerns are not implicated:

> While government officials might experience frustration and annoyance, it is unlikely that the possibility of injunctions will deter officials from the decisive exercise of their duties. Similarly, we doubt that anyone would avoid public service because he or she might be subject to an injunction affecting the exercise of the authority of a public office.

*Id.* Based on this reasoning, we held in *Hoohuli* that a state official cannot invoke the protection of qualified immunity in a section 1983 action seeking only equitable relief. Gillespie and Tomashoff are subject to the same rule.

We recognize that the doctrine of qualified immunity also reflects a concern about subjecting public officials to the burdens, costs, risks, and distractions of litigation itself. *See Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). Any suit against a public official would seem to implicate this concern, but an action seeking only injunctive relief effectively puts the government on trial, not the individual defendant. *DiMartini v. Ferrin*, 889 F.2d 922, 925 (9th Cir.1989), *amended*, 906 F.2d 465 (9th Cir.1990). In such suits, as in the present action, it generally is the government that provides the legal representation and conducts the defense. *Id.* The concern about the burdens and risks of litigation is therefore much diminished in actions involving only equitable relief and insufficient to justify permitting qualified immunity to serve as a defense in such actions.

Removing the capacity to challenge governmental actions in unsettled areas of the law, as defendants urge, would deprive plaintiffs of all capacity to settle the law. The proper balance has been struck in limiting the defense of qualified immunity to actions for money damages. Because American Fire is no longer seeking money damages from Gillespie and Tomashoff, the district court erred in granting them qualified immunity and entering summary judgment in their favor on that basis.

We REVERSE and REMAND for further proceedings consistent with this opinion.

---

**2.** There is still some disagreement, however, over what form of non-compensatory relief American Fire is seeking at this point. The complaint contains a prayer for injunctive relief, but not for declaratory relief. In contrast, the district court's order indicates that only declaratory relief is at issue. We leave this issue for the district court to resolve on remand.