19 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerardo RODRIGUEZ, Plaintiff-Appellant,
v.
Frank Leslie HALL; et al., Defendants-Appellees.
 No. 92-36831.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Withdrawn Jan. 5, 1994.
Rehearing Denied Jan. 5, 1994.
As Amended Jan. 18, 1994.
 
 ORDER
 The memorandum disposition filed on 29 June 1993, in this matter is withdrawn. The attached memorandum disposition is hereby issued in its place.
 The petition for rehearing is denied.
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerardo Rodriguez, an Oregon state prisoner, appeals pro se the district court's order granting appellees' motion for summary judgment on his claim that his constitutional rights were violated when female prison officials were allowed to view him naked. Rodriguez also appeals the district court's order dismissing, pursuant to Fed.R.Civ.P. 12(b)(6), his claim that mail from the courts and State Attorney General was opened by prison officials in his absence. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm in part and vacate and remand in part.
 
 A. Summary Judgment
 
 3
 We review de novo the grant of summary judgment. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992) (per curiam). If prison officials are entitled to qualified immunity, summary judgment on that basis is appropriate. Hemphill v. Kincheloe, 987 F.2d 589, 593 (9th Cir.1993).
 
 
 4
 Government officials who perform discretionary functions are protected from liability for civil damages if they are entitled to qualified immunity. Lum v. Jensen, 876 F.2d 1385, 1386 (9th Cir.1989), cert. denied, 493 U.S. 1057 (1990). Qualified immunity does not bar actions for declaratory or injunctive relief. American Fire, Theft & Collision Managers, Inc. v. Gillespie, 932 F.2d 816, 818 (9th Cir.1991) (citation omitted); accord Wheaton v. Webb-Petett, 931 F.2d 613, 620 (9th Cir.1991). Prison officials implementing policies are entitled to qualified immunity if, in light of the clearly established law at the time, a reasonable official could have believed the conduct was lawful. Hemphill, 987 F.2d at 592.
 
 
 5
 Here, Rodriguez contends that his constitutional rights were violated when he was subjected to strip searches in the presence of female correctional officers and when female correctional officers were allowed to see him naked while he showered and used the toilet facilities.
 
 
 6
 Our cases have held that strip searches of male prisoners conducted where female prison guards can observe the male prisoners naked or the use of female prison guards to supervise showering does not violate a male prisoner's right to privacy. Michenfelder v. Sumner, 860 F.2d 328, 333-34 (9th Cir.1988); Grummett v. Rushen, 779 F.2d 491, 494-95 (9th Cir.1985). We have also held that the observation of naked male prisoners by female prison officials under such circumstances does not violate Eighth Amendment prohibitions against cruel and unusual punishment. Grummett, 779 F.2d at 493 n. 1.
 
 
 7
 Thus, a reasonable prison official could have thought that allowing female prison guards to view male inmates naked during strip searches and in the bathroom was lawful conduct. See Michenfelder, 860 F.2d at 333-34; Grummett, 779 F.2d at 493 n. 1, 494-95. Therefore, the district court correctly found that the defendants were entitled to qualified immunity on Rodriguez's damage claims. Hemphill, 987 F.2d at 592; Lum 876 F.2d at 1386. The district court properly granted appellees' motion for summary judgment on Rodriguez's damage claims. Hemphill, 987 F.2d at 593.
 
 
 8
 However, since the district court's decision in this case, we decided Jordan v. Gardner, 986 F.2d 1521 (9th Cir.1993) (en banc). Jordan indicates that there might be circumstances under which interactions between guards of one gender and prisoners of another might violate the prisoners' constitutional rights. Therefore, because qualified immunity does not shield the prison officials from declaratory or injunctive relief, see Gillespie, 932 F.2d at 818, we vacate the order of summary judgment insofar as it applies to Rodriguez's claims for declaratory and injunctive relief. On remand, the district court shall consider Rodriguez's claims in light of our decision in Jordan.
 
 B. Failure To State A Claim
 
 9
 A dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is a ruling on a question of law and as such is reviewed de novo. Buckey v. County of Los Angeles, 968 F.2d 791, 793-94 (9th Cir.), cert. denied, 113 S.Ct. 599, and cert. denied, 113 S.Ct. 600 (1992). Review is limited to the contents of the complaint. Id. at 794. A claim should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id.
 
 
 10
 In determining the reasonableness of a policy which limits prisoners' constitutional rights, courts must consider (1) whether the policy is reasonably related to legitimate penological interests, (2) whether prisoners can exercise the constitutional right in other ways, (3) the feasibility of accommodating the constitutional right in of prison resources and the effect such accommodation might have on inmates and guards, and (4) the absence of other means to achieve the policy's goal without impinging on prisoners' constitutional rights. Turner v. Safley, 482 U.S. 78, 89-90 (1987).
 
 
 11
 The extent of prisoners' rights with regard to the inspection of legal mail is uncertain. Wolff v. McDonald, 418 U.S. 539, 577 (1974). It is clear that a prison policy of opening legal mail for inspection only in the presence of the inmate meets, and may even exceed, the demands of the Constitution. Id.
 
 
 12
 Here, Rodriguez claims that mail he received from the United States District Court and the State Attorney General was opened in his absence because it was not marked "legal mail." Rodriguez argues that envelopes bearing the official return address of the court and State Attorney General allows prison officials to distinguish them from non-legal mail. Rodriguez argues that because these letters were clearly marked as mail from United States District Court and the State Attorney General, prison officials could open them for inspection only in his presence.
 
 
 13
 This circuit has not yet addressed this issue. Therefore, we conclude that Rodriguez has stated a claim alleging that the prison's policy of opening mail from the court and State Attorney General which is not marked "legal mail" is not "reasonably related to legitimate penological interests." See Turner, 428 U.S. at 89. Therefore, the district court erred in dismissing Rodriguez's claim regarding the opening of his mail. See Buckey, 968 F.2d at 794. On remand, the inquiry should be whether the prison's policy is reasonable under Turner, 428 U.S. at 89-90.
 
 
 14
 Accordingly, we affirm the district court's order granting appellees' motion for summary judgment insofar as it pertains to Rodriguez's damage claims. However, we vacate the district court's grant of summary judgment insofar as it pertains to Rodriguez's claims for declaratory and injunctive relief. We also vacate the district court's order dismissing Rodriguez's claim regarding his mail.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3