19 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sabil M. MUJAHID, aka Terry Smith, Plaintiff-Appellant,
v.
Tera HARPER, Chairman; Jeffrey Tom, Chairperson; Allan
Anduha, Lt., Chairperson, Defendants-Appellees.
 No. 92-16588.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Filed July 15, 1993.
Withdrawn and Decided Feb. 1, 1994.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 ORDER
 
 1
 The court has determined that the appellee's petition for rehearing is well taken.
 
 Therefore, it is hereby ordered:
 
 2
 (1) Appellee's petition for rehearing, which was filed July 15, 1993, is granted and the memorandum disposition filed July 1, 1993 is hereby withdrawn.
 
 
 3
 (2) The Clerk is directed to file the memorandum disposition contemporaneously with the filing of this order.
 
 
 4
 (3) Appellee's suggestion for rehearing en banc is rejected without prejudice to its renewal after the filing of the memorandum disposition.
 
 
 5
 MEMORANDUM**
 
 
 6
 Sabil M. Mujahid, a.k.a. Terry Smith, a Hawaii state prisoner, appeals the district court's summary judgment in favor of prison officials in Mujahid's 42 U.S.C. Sec. 1983 action. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We affirm and remand.
 
 
 7
 * Background
 
 
 8
 Prison officials at the Halawa Correctional Facility charged Mujahid with violating two prison rules after Mujahid was found in possession of five postage stamps, which were enclosed in a letter Mujahid addressed to his brother, Frank Smith. The first rule prohibits "[p]ossession of anything not authorized for retention or receipt by the inmate or ward and not issued to the inmate ... through regular institution channels." State of Hawaii, Dep't of Social Servs. and Housing, Title 17, Admin. R. of the Corrections Div., Rule 17-201-8(a)(10). The second prohibits "[g]iving money or anything of value to or accepting money or anything of value from an inmate or ward, a member of inmate's or ward's family, or friend." Hawaii Admin.Rule Sec. 17-201-8(a)(31).
 
 
 9
 The prison Adjustment Committee notified Mujahid that it would conduct a hearing on the charges. Mujahid appeared at the hearing and testified that he received five postage stamps from his brother through the Lieutenant Governor's office in connection with his petition to change his name.[1] The Committee found Mujahid guilty of both charges and sentenced Mujahid to fourteen days of disciplinary segregation under Hawaii Admin.Rule Sec. 17-201-19. The Committee stated that it based its decision "on written reports and testimonies presented at the hearing."
 
 
 10
 Mujahid filed a complaint alleging the Committee violated his due process rights because it failed to provide an adequate statement of reasons for its decision and because there was insufficient evidence to find him guilty of violating prison rules.[2] Mujahid sought compensatory and punitive damages and injunctive relief.
 
 
 11
 The prison officials' summary judgment motion was referred to a magistrate judge, who found that although the Committee's "bare-bones summations" were "deficient" and "lacking in specificity," the Committee's failure to provide a more specific summary did not violate Mujahid's due process rights because the charges against Mujahid were not so complicated and the evidence presented not so voluminous or complex as to make it difficult to determine which witnesses the Committee found credible or what evidence it relied upon. The magistrate judge found that Mujahid's testimony, even if believed, did not excuse the violation of the rules.
 
 
 12
 The district court granted summary judgment, holding that although Mujahid's due process rights were implicated, there was some evidence supporting the Committee's decision and the Committee's statement of reasons was adequate.
 
 II
 Analysis
 
 13
 Mujahid contends the district court erred by granting summary judgment because prison officials violated his due process rights because they failed to provide an adequate statement of reasons for their decision, and the evidence offered at his disciplinary hearing was insufficient to support a finding of guilt.[3]
 
 
 14
 A plaintiff may bring an action for civil rights violations under 42 U.S.C. Sec. 1983 by demonstrating that defendants, acting under color of state law, deprived plaintiff of a right guaranteed under the Constitution or a federal statute. 42 U.S.C. Sec. 1983; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988).
 
 
 15
 A liberty interest protected by the fourteenth amendment may arise either from the due process clause itself or from the laws of the states. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). If a state requires certain procedures before an inmate may be placed in disciplinary segregation, then a liberty interest may be created. See Hewitt v. Helms, 459 U.S. 460, 471-72 (1983).[4] A state creates a protected liberty interest "by placing substantive limits on official discretion." Thompson, 490 U.S. at 462. "The use of the word, shall, [in connection with specific substantive predicates for action] constitutes the mandatory language needed to create a liberty interest." Toussaint v. McCarthy, 801 F.2d 1080, 1098 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987).
 
 
 16
 Hawaii prison rules provide that an "inmate or ward shall be given a brief written summary of the committee's findings which shall be entered in the case file. The findings will briefly set forth the evidence relied upon and the reasons for the action taken." Hawaii Admin.R. Sec. 17-201-18(c). The rules also provide that "[a] finding of guilt shall be made where: ... (2) the charge is supported by substantial evidence." Hawaii Admin.R. Sec. 17-201-18(b)(2). Thus, Hawaii's rules contain the "explicitly mandatory language" necessary to create a protected liberty interest. See Hewitt, 459 U.S. at 471-72.
 
 
 17
 Due process requires, at a minimum, that inmates facing disciplinary sanctions be provided "advance written notice of the claimed violation and a written statement of ... the evidence relied upon and the reasons for the disciplinary action taken." Wolff v. McDonnell, 418 U.S. 539, 563 (1974). Accord Redding v. Fairman, 717 F.2d 1105, 1116 (7th Cir.1983) (integrity of a prison disciplinary committee's decision "can be insured only if [it] enunciates the bases for [its] actions"), cert. denied, 465 U.S. 1025 (1984); Brown v. Frey, 807 F.2d 1407, 1412 (8th Cir.1986) (due process satisfied where "written statement, even though 'sparse in content,' is 'sufficient to inform [the inmate] of the evidence relied upon by the factfinders' ") (citations omitted).
 
 
 18
 Here, the Hawaii prison rules grant Mujahid the right to be provided a summary of the evidence the Committee relied upon and a summary of its findings. The Committee's one-sentence statement that it relied upon "the evidence and testimonies presented" provides Mujahid no insight into the basis for the Committee's finding of guilt. See Wolff, 418 U.S. at 563. Accord Redding, 717 F.2d 1116 ("When the Committee writes 'based on all available evidence the [inmate] is guilty,' no agency or court can discern the basis for the Committee's rulings.") (citation omitted). The Committee's "bare-bones" statement also prevents Mujahid from challenging whether the findings were supported by substantial evidence. See Wolff, 418 U.S. at 564-65. Accord Culbert v. Young, 834 F.2d 624, 630 (7th Cir.) ("written requirement is necessary to determine whether the committee's decision [is] based on substantial evidence or whether the decision is sufficiently arbitrary so as to be a denial of due process") (citation omitted), cert. denied, 485 U.S. 990 (1988). Although the Committee is not required to give a detailed summary, its deficient statement violated Mujahid's due process rights. See Wolff, 418 U.S. at 564-65.
 
 
 19
 The prison officials contend that even if they violated Mujahid's due process rights by failing to provide a brief summary of the Committee's findings and the evidence relied upon, they are entitled to qualified immunity. We agree.
 
 
 20
 Government officials who perform discretionary functions are entitled to immunity from damages suits when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).
 
 
 21
 To support their claim of immunity, the prison officials have provided copies of orders from four prior actions in which the district court reviewed the adequacy of Committee statements. We may take judicial notice of these orders. See Fed.R.Evid. 201(a-c); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir.1986) (taking judicial notice of document from a separate suit). These orders reveal that the prison officials were aware that it was "clearly established" that the regulations concerning the procedures of the Committee hearings "created a liberty interest protected by the Due Process Clause." Nevertheless, the orders also indicate that the district court previously found that Committee statements similar to the statement at issue here did not violate a prisoner's due process rights.[5] Thus, the prison officials had a reasonable basis to believe that the statement provided to Mujahid was sufficient.
 
 
 22
 We conclude that the prison officials could have reasonably believed that their actions were in conformity with the law. See Harlow, 457 U.S. at 818. Accordingly, we affirm the district court's determination that the prison officials have qualified immunity from Mujahid's claims for damages. See Fidelity Fin. Corp. v. Federal Home Loan Bank, 792 F.2d 1432, 1437 (9th Cir.1986) (court may affirm district court's summary judgment on any ground finding support in the record). We also affirm the district court's determination that the Eleventh Amendment bars Mujahid's claims for damages against the prison officials in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). We remand the case to the district court for consideration of Mujahid's injunctive relief request. See American Fire, Theft & Collision Managers, Inc. v. Gillespie, 932 F.2d 816, 818 (9th Cir.1991) (noting that qualified immunity does not bar actions for declaratory or injunctive relief).
 
 AFFIRMED AND REMANDED.[6]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Mujahid's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It is unclear from the record what other evidence was presented to the Committee. The record includes a copy of the misconduct report, in which Officer Reynold Tenn stated that he believed Mujahid may have received the stamps from another inmate and Officer Clayton Smith stated that he believed there was probable cause to believe that misconduct had occurred
 
 
 [2]
 In his complaint, Mujahid also alleged the disciplinary segregation violated his first and eighth amendment rights. Mujahid, represented by counsel, has failed to raise these issues on appeal. Accordingly, we need not address them. See Eberle v. City of Anaheim, 901 F.2d 814, 817-18 (9th Cir.1990) (any claim not raised in the opening brief is deemed waived)
 
 
 [3]
 Mujahid also argues, for the first time on appeal, that the rules under which he was convicted are unconstitutionally vague. Generally, we decline to consider issues not raised before the district court absent extraordinary circumstances. Pacific Express Inc. v. United Airlines, Inc., 959 F.2d 814, 819 (9th Cir.), cert. denied, 113 S.Ct. 814 (1992). Mujahid contends that he raised this argument below when he argued that prison officials misinterpreted the Rule 17-201-18(31). We disagree with the attempted characterization. Mujahid argued to the district court that the prison officials misinterpreted the prison rules and that he was innocent of the offense charged, not that he was unable to conform his conduct because the rules were vague. Because we find no exceptional circumstances, we decline to consider Mujahid's argument. See id
 
 
 [4]
 In Hewitt, the court found a liberty interest where inmate was placed in administrative segregation. 459 U.S. at 471-72. Cf. Olim v. Wakinekona, 461 U.S. 238, 250 (1987) (no liberty interest where inmate was transferred)
 
 
 [5]
 In three of the actions, the Committee stated that it based its decision on "written reports and testimonies presented at the hearing." This language is nearly identical to the language used in this case
 
 
 [6]
 We deny Mujahid's request for attorneys' fees under 42 U.S.C. Sec. 1988. All parties shall bear their own costs on appeal. Fed.R.App.P. 39(a)