29 F.3d 631
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Scott FELDMAN, Plaintiff-Appellant,
v.
Joel B. DAVIS, Defendant-Appellee.
 No. 93-55730.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 20, 1994.
 
 Before: FARRIS, KOZINSKI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Scott Feldman appeals the district court's order granting defendant's motion for summary judgment in his 42 U.S.C. Sec. 1983 action based on qualified immunity. Feldman contends that the defendant, Officer Davis of the Irvine Police Department, violated his Fourth Amendment rights when Davis arrested him for possession of burglary tools without probable cause. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment on the basis of qualified immunity. American Fire, Theft & Collision Managers, Inc. v. Gillespie, 932 F.2d 816, 817 (9th Cir.1991).
 
 
 4
 In determining whether an officer is protected by qualified immunity, the district court must find, in light of clearly established principles governing the conduct in question, whether the officer could reasonably have believed that his conduct was lawful. Anderson v. Creighton, 483 U.S. 635, 641 (1987); Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993). This determination requires a two-part analysis. First, the district court must determine whether the law governing the official's conduct was clearly established at the time the challenged conduct occurred. Act Up!/Portland, 988 F.2d at 871. The second step then asks whether, under that clearly established law, a reasonable officer could have believed the conduct was lawful. Id.
 
 
 5
 1. Clearly established law governing the official's conduct
 
 
 6
 The following law was established at the time of Feldman's arrest. A warrantless arrest is valid if it is supported by probable cause. United States v. Del Vizo, 918 F.2d 821, 825 (9th Cir.1990). The test for probable cause is whether the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent person to believe a suspect has committed, is committing, or is about to commit a crime. United States v. Greene, 783 F.2d 1364, 1367 (9th Cir.), cert. denied, 476 U.S. 1185 (1986). Law enforcement officers may draw upon their experience and expertise in determining the existence of probable cause. United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir.1989), cert. denied, 498 U.S. 825 (1990). Thus, seemingly innocent conduct may provide the basis for probable cause when viewed in light of all of the information known at the time of the arrest. United States v. Rodriquez, 869 F.2d 479, 483 (9th Cir.1989).
 
 
 7
 The California Penal Code provided as follows: "Every person having upon him or her in his or her possession a picklock, crow, keybit, crowbar, screwdriver, vice grip pliers, water-pump pliers, slidehammer, slim jim, tension bar, lock pick gun, tubular lock pick, floor safe door puller, master key, or other instrument or tool with intent feloniously to break or enter into any building, ... or vehicle ... is guilty of misdemeanor." Cal.Penal Code Sec. 466.
 
 
 8
 Therefore, the law governing Davis' warrantless arrest of Feldman for the possession of burglary tools was clearly established at the time of the arrest. See Cal.Penal Code Sec. 466; Del Vizo, 918 F.2d at 825; Hoyos, 892 F.2d at 1392; Greene, 783 F.2d at 1367.
 
 
 9
 2. Reasonable officer could have believed the arrest was lawful
 
 
 10
 Feldman contends that Davis lacked sufficient evidence to conclude that Feldman was in criminal possession of burglary tools when Davis stopped him for driving a car without current registration. Although Davis discovered two screwdrivers, two glass cutters, a partially straightened wire coat hanger, a flashlight, a pair of gloves and a knit ski mask in Feldman's car, Feldman contends that those items alone, without evidence of other suspicious behavior, did not permit a warrantless arrest pursuant to Cal.Penal Code Sec. 466. This contention lacks merit.
 
 
 11
 First, Davis observed that Feldman had quickly driven away from a covered parking area of an apartment complex at approximately 2:00 a.m. Second, when Davis stopped Feldman, Davis noticed that Feldman was wearing a dark blue sweatshirt and sweatpants and appeared nervous. Third, while waiting for a backup unit and a warrant check, Davis noticed that Feldman reached beneath his car seat where Davis later found other tools. Fourth, although Davis was not investigating a burglary or any specific crime when he pulled Feldman over, Davis was on alert that there had been several burglaries in the area within the last two weeks. Thus, in light of all of the information Davis had at the time of the arrest, and based on his experience as a police officer, Davis reasonably believed that probable cause existed to arrest Feldman pursuant to Cal.Penal Code Sec. 466 without a warrant. See Cal.Penal Code Sec. 466; Del Vizo, 918 F.2d at 825; Hoyos, 892 F.2d at 1392; Rodriquez, 869 F.2d at 483; Greene, 783 F.2d 1364, 1367.
 
 
 12
 Therefore, the district court did not err when it granted Davis' motion for summary judgment based on qualified immunity. See Anderson, 483 U.S. at 641; Act Up!/Portland, 988 F.2d at 871.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3