50 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abdullah Akbar LUMUMBA, aka Godfrey Carroll, Plaintiff-Appellant,
v.
Joseph CRABTREE, Warden; et al., Defendants-Appellees.
 No. 93-35539.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1995.*
Decided March 14, 1995.
 
 Before: HALL, O'SCANNLAIN, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I.
 
 2
 Abdullah Akbar Lumumba, a federal prisoner, appeals pro se the district court's entry of summary judgment in favor of the defendant federal prison officials in his Bivens action.[1] Lumumba contends that the defendants discriminated against him in his prison work assignment based on his race and handicap, and seeks monetary damages and declaratory relief. The district court determined that the defendants are entitled to qualified immunity and dismissed Lumumba's claim. We have jurisdiction under 28 U.S.C. Sec. 1291 and review de novo. Alexander v. Perrill, 916 F.2d 1392, 1395 (9th Cir.1990). We affirm.
 
 II.
 
 3
 In deciding whether an official is entitled to qualified immunity from damages actions, we must determine (1) whether the right allegedly violated was clearly established at the time of the alleged violation; and (2) whether, in light of that law, a reasonable official could have believed his conduct to be lawful. Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993). A law is clearly established when " 'the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.' " Camarillo v. McCarthy, 998 F.2d 638, 640 (9th Cir.1993) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).
 
 
 4
 The law governing illegal discrimination against federal prisoners was clearly established at the time Lumumba lost his job: Prisoners may not be subjected to invidious racial discrimination, Lee v. Washington, 390 U.S. 333 (1968) (per curiam); a prisoner must show discriminatory intent to succeed on a claim of discrimination, Washington v. Davis, 426 U.S. 229, 240 (1976); and a prison regulation that burdens an inmate's constitutional rights is valid only if reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987).
 
 
 5
 Federal regulations provide that prison officials may consider an inmate's eligibility, the availability of assignments, institutional security, and the operational needs of the prison in making inmate work assignments. 28 C.F.R. Sec. 545.23(d). "When an inmate is removed from an industrial assignment because of medical reasons which are not work-related, staff, upon that inmate's return to work status, shall make a reasonable effort to reassign that inmate to an industrial assignment of comparable skill and grade." 28 C.F.R. Sec. 545.54.
 
 
 6
 Lumumba alleges that because of his work and disability, he was not reassigned to his position with Federal Prison Industries, Inc. (UNICOR) upon return from a medical leave that was not work related. Lumumba is African American, and he was replaced by a white inmate. Lumumba, however, has failed to show that replacing him with an inmate of a different race violated a clearly established constitutional right. See Camarillo, 998 F.2d at 640. He offers no evidence that any of the defendants acted with discriminatory intent. See Washington, 426 U.S. at 240. In their motion for summary judgment, the defendants submitted an affidavit from Jimy Bang, a foreman at the UNICOR factory, stating that Lumumba's position was reassigned to another inmate to maintain an efficient operation. Thus, reassignment was reasonably related to the prison's operational needs. See Turner, 482 U.S. at 89; see also 28 C.F.R. Sec. 545.23(d). Accordingly, Lumumba has not demonstrated that the defendants violated his right to be free of invidious racial discrimination. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Lee, 390 U.S. at 333.
 
 
 7
 Moreover, even if the defendants had violated Lumumba's constitutional rights, they were acting in accordance with federal regulations. The record indicates that Lumumba was assigned to a job with a comparable pay grade upon his return from medical leave. Accordingly, a reasonable official could have concluded, based on those regulations, that his actions were lawful. See Act Up!, 988 F.2d at 871. Thus, the district court properly granted summary judgment on the damages claim for all defendants.[2]
 
 III.
 
 8
 The district court erred, however, in basing the grant of summary judgment on the claim for declaratory relief on the defendants' entitlement to qualified immunity. "Qualified immunity is an affirmative defense to damage liability; it does not bar actions for declaratory or injunctive relief." American Fire, Theft & Collision Managers, Inc. v. Gillespie, 932 F.2d 816, 818 (9th Cir.1991) (quoting Presbyterian Church (U.S.A.) v. United States, 870 F.2d 518, 527 (9th Cir.1989) (citing Harlow, 457 U.S. at 806) ("government officials are entitled to some form of immunity from suits for damages"))).
 
 
 9
 This error does not require reversal of the judgment on the claim for declaratory relief, however, because this Court can affirm the grant of summary judgment on any ground fairly presented by the record. Rano v. Sipa Press, Inc., 987 F.2d 580, 584 (9th Cir.1993). Here, Lumumba has not submitted evidence that would allow him to take his claim for declaratory relief to a jury.
 
 
 10
 In order to prevail on his equal protection claim for declaratory relief,[3] Lumumba would need to show that each of the defendants acted with discriminatory intent in reassigning him to a different job upon his return from medical leave. See Davis, 426 U.S. at 240. Lumumba, however, submitted no evidence, other than bald assertions contained in his internal complaints, that any of the defendants acted with discriminatory intent. Two of the defendants, on the other hand, submitted declarations explaining that Lumumba's job had been reassigned because the job needed to be done, and that the reassignment was not racially motivated. We therefore hold that summary judgment in favor of the defendants on Lumumba's claim for declaratory relief was appropriate.
 
 IV.
 
 11
 For all the foregoing reasons, the judgment of the district court is
 
 
 12
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 [1]
 See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [2]
 The district court did not explicitly discuss defendant Pfutzner's entitlement to qualified immunity. Pfutzner, however, did plead and argue the defense, and the district court granted summary judgment for all defendants on the basis of qualified immunity
 
 
 [3]
 Lumumba also claims that he was denied due process of law. We interpret this claim as an acknowledgment that the equal protection clause applies to the federal government only by reverse incorporation through the Fifth Amendment Due Process Clause