**Sammy L. PAGE, Plaintiff—Appellant,**

**v.**

**M.L. TORREY; et al., Defendants—Appellees.**

**No. 00–56905.**

**D.C. No. CV–98–06782–GHK.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Dec. 28, 2001.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM **

Sammy L. Page, confined to Atascadero State Hospital under a civil commitment order, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging hospital officials denied him his constitutional right to shave his head and retaliated against him for filing grievances. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals pursuant to 28 U.S.C. § 1915(e)(2)(B). *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order). We affirm in part, and vacate and remand in part.

■ The district court properly dismissed Page's claims for monetary damages against hospital officials sued in their official capacities because these claims are barred by the Eleventh Amendment. *See Doe v. Lawrence Livermore Nat'l Lab.,* 131 F.3d 836, 839 (9th Cir.1997).

■ Because there is no clearly established law on grooming regulations for persons civilly committed to state hospitals, the district court properly dismissed Page's claims against hospital officials, in their individual capacities, on qualified immunity grounds. *See Allen v. Sakai,* 48 F.3d 1082, 1087 (9th Cir.1994).

The district court properly dismissed Page's retaliation claims because he failed to allege facts sufficient to demonstrate a causal link between the hospital officials'

actions and the exercise of his First Amendment rights. *Cf. Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir.1994).

Because Page failed to allege facts to support a claim that the hospital officials acted in a clearly arbitrary manner having no substantial relation to public health, safety, morals, or general welfare, the district court properly dismissed his substantive due process claim. *See Sinaloa Lake Owners Ass'n v. City of Simi Valley,* 882 F.2d 1398, 1407 (9th Cir.1989), *overruled in part by Armendariz v. Penman,* 75 F.3d 1311, 1326 (9th Cir.1996) (en banc).

Because Page failed to allege that defendants acted to discriminate against him based on his membership in a protected class, the district court properly dismissed Page's equal protection claim. *See Barren,* 152 F.3d at 1194.

Page's contention that the district court erred by dismissing his claim that he was denied access to the courts lacks merit because he failed to allege that he suffered an actual injury. *See Lewis v. Casey,* 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

Because the district court properly gave Page notice of the deficiencies of his complaint and an opportunity to amend, *cf. Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir.2000) (en banc), and Page elected not to file an amended complaint, we affirm the district court's dismissal of his claims for monetary damages.

■ The district court did not address Page's claims for prospective declaratory and injunctive relief with respect to hospital grooming regulations. These claims are not barred by the Eleventh Amendment or a finding that hospital officials are entitled to qualified immunity, *Los Angeles*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*County Bar Ass'n v. Eu,* 979 F.2d 697, 704 (9th Cir.1992) (Eleventh Amendment); *American Fire, Theft & Collision Managers, Inc. v. Gillespie,* 932 F.2d 816, 819 (9th Cir.1991) (qualified immunity). Therefore, we vacate and remand for further proceedings on those declaratory and injunctive relief claims.

Each party shall bear its own costs on appeal.

AFFIRMED in part, and VACATED and REMANDED in part.