**Herman Louis DiMARTINI,
Plaintiff/Appellee,**

v.

**Lynn Jay FERRIN, Special Agent,
Federal Bureau of Investigation,
Defendant/Appellant.**

**No. 88–1771.**

United States Court of Appeals,
Ninth Circuit.

June 25, 1990.

---

**25.** Cal.Civ.Code § 3370.1 has since been recodi- fied as Cal.Bus. & Prof.Code § 17206.

**466**

Before GOODWIN, Chief Judge, PREGERSON and REINHARDT, Circuit Judges.

## ORDER

The opinion filed November 21, 1989 and appearing at 889 F.2d 922 (9th Cir.1989) is amended as follows:

The text of the original opinion commencing at page 928, the first paragraph, ninth line, beginning with "However, a plaintiff must show...." to and including, page 929, the first carry-over paragraph, ending with "[P]roperly denied his motion for summary judgment." is deleted. In lieu thereof, the following text is inserted:

▇▇▇ Moreover, the Supreme Court did not refer to this constitutional right for the first time in *Greene* [*v. McElroy*, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959)]. On the contrary, *Greene* cited numerous Supreme Court decisions. *Id.* (citing "*Dent v. West Virginia*, 129 U.S. 114 [9 S.Ct. 231, 32 L.Ed. 623]; *Schware v. Board of Bar Examiners*, 353 U.S. 232 [77 S.Ct. 752, 1 L.Ed.2d 796]; *Peters v. Hobby*, 349 U.S. 331, 352 [75 S.Ct. 790, 801, 99 L.Ed. 1129] (concurring opinion); *cf. Slochower v. Board of Education*, 350 U.S. 551 [76 S.Ct. 637, 100 L.Ed. 692]; *Traux v. Raich*, 239 U.S. 33, 41 [36 S.Ct. 7, 10, 60 L.Ed. 131]; *Allgeyer v. Louisiana*, 165 U.S. 578, 589–590 [17 S.Ct. 427, 431, 41 L.Ed. 832]; *Powell v. Pennsylvania*, 127 U.S. 678, 684 [8 S.Ct. 992, 995, 32 L.Ed. 253]"). We recognize that these are "substantive due process" cases, but the court's reliance upon them in *Greene* reaffirms the existence of this constitutional right. We find, therefore, that Di Martini has a clearly established constitutional right to be free from unreasonable government interference with his private employment.[3]

---

**3.** Our conclusion is consistent with our decision in *Merritt v. Mackey*, 827 F.2d 1368 (9th Cir. 1987). In that case we cited *Greene* and stated that "[i]t is undisputed that an individual may have a protected property interest in private employment." *Id.* at 1370. We also noted that: *Greene* makes clear ... that when a private employee is deprived of his employment through government conduct, the cause of action available to the employee is not merely the right to sue for interference with contractual relationships.... Thus, where the actions of private individuals operate to deprive an individual of his employment, a suit for interference with private contractual relationship would lie, but where government officials are involved, the nature of the interest at

For the purpose of a due process claim, an employee must show more than an expectation in continued employment; he must demonstrate a claim of entitlement to continued employment. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2719, 33 L.Ed.2d 548 (1972). In *Merritt* we held that a legitimate claim of entitlement to continued employment must be proven before a due process violation can exist from unreasonable government interference with one's employment. *Merritt*, 827 F.2d at 1371. In this case, however, we are not deciding whether a due process violation has occurred. Rather, our current task is to determine whether a reasonable person should have been aware that Di Martini had a clearly established right to employment free from unreasonable government interference. A reasonable government employee would not necessarily be aware of the nature of a private employment relationship. We therefore hold that to defeat a motion for qualified immunity where the government may have unreasonably interfered with one's private employment, the employee does not need to demonstrate an entitlement to future employment enforceable against his or her employer. Di Martini has alleged the existence of a property right to continued employment enforceable against his employer.[4] When considering the merits of Di Martini's due process claim, the district court will need to determine whether such entitlement exists.

stake in private employment is a property interest.
*Id.* at 1370–71. *See also Chernin v. Lyng*, 874 F.2d 501, 505–06 (8th Cir.1989) (recognizing an employee's right to be free from unreasonable third party interference with an employment relationship). We do not, however, rely on these cases to hold that this right was clearly established when Ferrin allegedly interfered with Di Martini's employment; *Merritt* and *Cherin* were decided after these incidents. *See Wood v. Ostrander*, 879 F.2d 583, 591 (9th Cir. 1989) (court must look to the legal lanscape at the time of the incident to determine whether a right is clearly established).

4. Di Martini relies upon Nevada law to establish an entitlement enforceable against his employer. This court has held that state law can create a constitutionally significant property interest in private employment. *See Merritt*, 827 F.2d at 1374 (Norris, J., concurring). Nevada law rec-

With the opinion thus amended, the panel has voted unanimously to deny the petition for rehearing and to reject the suggestion for rehearing en banc. The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed.R.App.P. 35(b).

The petition for rehearing is DENIED and the suggestion for rehearing en banc is REJECTED.

ognizes that a contract for continued employment can be the basis of a property or liberty interest. *Tarkanian v. National Collegiate Athletic Assoc.*, 103 Nev. 331, 741 P.2d 1345 (Nev. 1987), *rev'd on other grounds*, 488 U.S. 179, 109 S.Ct. 454, 102 L.Ed.2d 469 (1988). Nevada also recognizes that an at-will employee has at least a limited right to continued employment because he cannot be terminated when the purpose of the termination offends public policy. *See Hansen v. Harrah's*, 100 Nev. 60, 675 P.2d 394 (1984) (Nevada adopts a public policy exception to at-will employment rule and recognizes a tort action for retaliatory discharge resulting from employee filing of worker's compensation claim). The record on appeal, however, does not reveal anything about the nature of Di Martini's employment arrangement at the Sands Hotel.

