942 F.2d 790
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence J. BROZIK, Plaintiff-Appellee,
v.
Mark A. KALISH, et al., Defendant-Appellant.
 No. 90-55818.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1991.*
Decided Aug. 29, 1991.
 
 Before D.W. NELSON, O'SCANNLAIN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellee Lawrence Brozik was an inmate at the Metropolitan Correctional Center (MCC) in San Diego, and was administered an antipsychotic drug against his wishes during his confinement. He filed suit against appellant, Dr. Mark Kalish, claiming that the forced administration of antipsychotic medication violated the due process clause and the Eighth Amendment. Kalish moved to dismiss or, in the alternative, for summary judgment on the ground that he was entitled to qualified immunity from suit. The district court denied appellant's motion. We reverse.
 
 I.
 
 3
 Generally, a district court order denying a motion for summary judgment is not reviewable. DiMartini v. Ferrin, 889 F.2d 922, 924 (9th Cir.1989), amended, 906 F.2d 465 (1990), cert. denied, 111 S.Ct. 2796 (1991). However, under the exception created in Mitchell v. Forsyth, 472 U.S. 511 (1985), we have jurisdiction to review a denial of a defense of qualified immunity. Id. at 528-30; see also Fry v. Melaragno, No. 90-15665, slip op. 9501, 9507 (9th Cir. July 29, 1991); White by White v. Pierce County, 797 F.2d 812, 814 (9th Cir.1986).
 
 II.
 
 4
 An official in Kalish's position is entitled to qualified immunity when his conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also Finkelstein v. Bergna, 924 F.2d 1449, 1451 (9th Cir.1991). Consequently, Kalish "is entitled to summary judgment based on qualified immunity if he can show that as a reasonable [doctor] he could have believed his actions toward [Brozik] were constitutional even if they were not." Wood v. Ostrander, 879 F.2d 583, 591 (9th Cir.1989), cert. denied, 111 S.Ct. 341 (1990). The claim of qualified immunity being a "purely legal question," Mitchell, 472 U.S. at 530, our review is de novo. United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984).
 
 
 5
 Kalish argues that the law regarding the forcible injection of antipsychotic drugs was not clearly established. We disagree. Case after case has stated that a significant liberty interest is threatened by the unwanted administration of medical treatment such as antipsychotic drugs, see, e.g., Vitek v. Jones, 445 U.S. 480, 491-94 (1980); see also Washington v. Harper, 494 U.S. 210, ----, 110 S.Ct. 1028, 1036 (1990) (citing cases pre-dating Kalish's actions); Rennie v. Klein, 720 F.2d 266, 268 (3d Cir.1983) (en banc) (plurality). Compulsory treatment with mind-altering drugs such as Haldol thus implicates a person's "interest in bodily integrity, personal security and personal dignity," Lojuk v. Quandt, 706 F.2d 1456, 1465 (7th Cir.1983), and triggers the protections of the due process clause. See id. at 1466; see also Bee v. Greaves, 744 F.2d 1387, 1393-94 (10th Cir.1984), cert. denied, 469 U.S. 1214 (1985).
 
 
 6
 This does not mean that non-consensual treatment with antipsychotic drugs is impermissible at all times. As courts have recognized, it would be unreasonable to demand of physicians that they go through elaborate procedural stages when faced with an emergency. As the law stood at the time of the incident, injecting antipsychotic drugs without the inmate's consent in the absence of adequate procedural safeguards and in the absence of an imminent threat to the patient or to others violated clearly established law of which a reasonable person would have known. See, e.g., Bee, 744 F.2d at 1395-96.
 
 III.
 
 7
 The existence of clearly established law, however, does not end our inquiry. In reviewing the denial of a motion for summary judgment, we must determine whether, "viewing the facts in the light most favorable to [Brozik], the facts as alleged ... support a claim that [Kalish] violated clearly established law." DiMartini, 889 F.2d at 925-26; see also Mitchell, 472 U.S. at 528 n. 9.
 
 
 8
 In this case, Brozik has not filed a single affidavit nor come forward with any evidence opposing Kalish's motion. Of course, the greater part of the burden falls on the moving party; nevertheless, the non-moving party may not rest on her pleadings alone. Matsuhita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); see also DiMartini, 889 F.2d at 926 ("[I]n the face of a well-supported motion for summary judgment, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial.... General allegations or denials in the complaint of pleadings are not sufficient to withstand summary judgment.") (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)); White, 797 F.2d at 814-15; Fed.R.Civ.P. 56(e). Defendant's declaration states that plaintiff was agitated, that he "pound[ed] on the walls of his cell," and that he was "verbally threatening." In response, Brozik offers no conflicting evidence. On these facts, Kalish must be found immune.
 
 IV.
 
 9
 In so ruling, we realize the difficulties facing a plaintiff in Brozik's position. Gathering evidence is no small task for an inmate in a correctional center, as all relevant facts are likely to be under the defendant's exclusive control. But the relaxed standard Brozik was required to meet is adapted to this situation, as it is to the fact that discovery has yet to take place. At this stage of the litigation, the plaintiff "must be permitted to set forth his understanding of the facts whether or not his knowledge is first-hand or meets all the ordinary rules of evidence." DiMartini, 899 F.2d at 927.
 
 
 10
 Under this loose standard, Brozik could have relied on his own affidavit; the facts stated therein would have been accepted as true. See id. at 926. However, merely alleging in a complaint that his constitutional rights have been violated will not do. The district court's denial of the motion for summary judgment is REVERSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3