990 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Herman L. Di MARTINI, Plaintiff-Appellant,
v.
Lynn Jay FERRIN, Special Agent, Defendant-Appellee.
 No. 91-16783.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1993.*
Decided March 26, 1993.
 
 Before GOODWIN, PREGERSON, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Herman Louis Di Martini appeals from the district court's dismissal of his action against FBI agent Lynn Jay Ferrin ("Agent Ferrin") under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). We affirm.
 
 BACKGROUND
 
 3
 Di Martini claims that Agent Ferrin attempted to suborn perjury from him in a law enforcement investigation of organized crime figures and that, when he refused, Agent Ferrin retaliated by directing Di Martini's employer to fire him from employment as a card dealer in the casino at the Sands Hotel. Di Martini brought this Bivens action seeking monetary damages and injunctive relief for alleged violations of his constitutional rights under the First, Fifth, Ninth and Tenth Amendments.
 
 
 4
 The district court dismissed Di Martini's claims except for his Fifth Amendment Due Process claim. Agent Ferrin then moved for summary judgment on the basis of qualified immunity. The district court denied the motion, and this court affirmed. See DiMartini v. Ferrin, 889 F.2d 922 (9th Cir.1989), amended, 906 F.2d 465 (9th Cir.1990), cert. denied, 111 S.Ct. 2796 (1991). Upon remand to the district court, however, this court clarified that Di Martini had to prove that he had a legitimate claim of entitlement to continued employment at the Sands Hotel under Nevada law in order to pursue his due process claims. See DiMartini, 906 F.2d 467 & n. 4.
 
 
 5
 Along with his wife, DiMartini also filed an action in Nevada state court against the Sands Hotel, pursuing claims for breach of contract, breach of covenant of good faith and fair dealing, and wrongful discharge from employment in violation of the public policy of Nevada. The state court granted summary judgment to defendant, the Sands Hotel, after making the following findings of fact: (1) Di Martini's employment with the hotel was at-will under Nevada law (i.e. Di Martini had no employment contract), [see Red at addendum], and (2) there was no violation of public policy under Nevada law because there was no evidence of an unlawful discharge based on coercion to suborn perjury or retaliation for Di Martini's refusal to commit perjury. [See Red at addendum].
 
 
 6
 The district court in the instant case then granted Agent Ferrin's motion to dismiss. The district court reasoned that the state court's findings of fact precluded Di Martini's due process claims under the doctrine of collateral estoppel or "issue preclusion."
 
 
 7
 The district court's dismissal of Di Martini's claims is reviewed de novo, as a question of law. See Oscar v. University Students Co-Op Ass'n, 965 F.2d 783, 785 (9th Cir.1992). Review of the district court's application of the doctrine of collateral estoppel, or "issue preclusion," is also reviewed as a question of law. Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir.1992).
 
 DISCUSSION
 A. Collateral Estoppel
 
 8
 Di Martini argues that the district court erred when it applied the doctrine of collateral estoppel. Di Martini suggests that the federal district court had to make an independent determination of the issue whether Di Martini had an entitlement under Nevada law. We reject Di Martini's arguments.
 
 
 9
 The Full Faith and Credit Act requires that federal courts must honor the prior judgments of state courts and give those judgments "the same full faith and credit ... they have by law or usage in the courts of [the] State ... from which they are taken." 28 U.S.C. § 1738. As the Supreme Court has explained: "It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Given this well-settled law, Di Martini's suggestion that the district court erred by not making a full and independent determination of the entitlement issue is clearly without merit. The relevant question, as the district court recognized, is whether the collateral estoppel requirements of the state of Nevada are met here. If so, the federal courts are bound by the preclusive effect caused by the prior determination of a given issue in state courts. See Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir.1988).
 
 
 10
 Nevada law provides that collateral estoppel, or "issue preclusion," forecloses the relitigation of any issue where (1) the issue decided in the prior case is identical with the issue in the subsequent case; (2) there was a final judgment on the merits in the prior case; and (3) the party against whom estoppel is asserted was a party, or in privity with a party, to the prior proceeding. See Horvath v. Gladstone, 637 P.2d 531, 533 (Nev.1981); Paradise Palms Community Ass'n v. Paradise Homes, 505 P.2d 596, 598-99 (Nev.), cert. denied, 414 U.S. 865 (1973). All three of these requirements are met here.
 
 
 11
 First, the issue in the instant case is identical to the issue decided in the prior action. To establish his Due Process claim here, DiMartini must show that he had an entitlement to continued employment under Nevada law. See DiMartini, 906 F.2d at 467 (citing Board of Regents v. Roth, 408 U.S. 564, 577 (1972)). As we noted in our amended opinion, Nevada law recognizes two grounds to establish such an entitlement: (1) an employment contract, or (2) a violation of public policy in the discharge of an employee. Id. at 467 n. 4. Addressing precisely these two issues, the Nevada state court determined that no employment contract existed between Di Martini and the Sands Hotel, [see Red at addendum; Jan. 19, 1989 Order at 2] and that the Sands Hotel's discharge of Di Martini did not offend the public policy of the state of Nevada. [See Red at addendum; Sept. 20, 1990 Order at 2]. The issue decided in the prior case is therefore "identical with the issue presented in the action in question." Horvath, 637 P.2d at 533. Second, there was a final judgment on the merits in the state court action. Third, DiMartini, the party against whom estoppel is asserted here, was a party to that action.
 
 
 12
 We conclude that the district court properly applied the doctrine of collateral estoppel or "issue preclusion," and that the court did not err when it failed to make an independent determination of the issue whether Di Martini had an entitlement under Nevada law.
 
 B. Substantive and Procedural Due Process
 
 13
 Di Martini additionally argues that in dismissing his due process claims for failure to establish that he had an entitlement to continued employment under Nevada law, the district court failed to recognize the distinction between substantive and procedural due process. He contends that he sufficiently pleaded a substantive due process claim--a deprivation of his "liberty or property interest in pursuing the 'common occupations or professions of life,' " Benigni v. City of Hemet, 868 F.2d 307, 312 (9th Cir.1988) (quoting Schware v. Board of Bar Examiners, 353 U.S. 232, 238-39 (1957))--and that such a claim requires no showing of an entitlement under state law.
 
 
 14
 While Di Martini correctly states the distinction in constitutional law between substantive and procedural due process, his argument disregards the law of the case. In our prior opinion, we rejected Di Martini's broad allegations that his substantive due process right to pursue future employment had been violated:
 
 
 15
 Di Martini's complaint contains no specific allegation that Di Martini was blacklisted in the casino industry or otherwise blocked in pursuing the career of his choice. There is no direct evidence to suggest that Ferrin's actions could have had such an effect on Di Martini's future. On summary judgment, a plaintiff is not entitled to survive on vague assumptions about informal communications within an industry.
 
 
 16
 DiMartini, 889 F.2d at 927. In fact, to this day, DiMartini does not claim he is unable to find employment in the gaming industry in order to pursue his chosen profession.
 
 
 17
 Because Di Martini did not sufficiently allege a substantive due process claim, he was required to show that he had an entitlement under Nevada law. See DiMartini, 906 F.2d at 467 & n. 4. Having correctly concluded that Di Martini was precluded from making such a showing under the doctrine of collateral estoppel, the district court properly dismissed Di Martini's remaining claims.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3