Robert BRUNS, Plaintiff–Appellant,

v.

NATIONAL CREDIT UNION ADMINIS-
TRATION; Edward Segeberg; Larry
Torres; Henry Garcia; Health Associ-
ates Federal Credit Union; Saint Jo-
seph's Health Care Systems; Thomas
Porath; Alan Garrett; Ray Daitch; Kev-
in Sims; Gaynelle Joyce; Mark Head-
land; Michael Jones; Tina Mycroft;
John McMillan; Joseph Randolph; Ron-
ald Budman, and Glenn Kazahaya, De-
fendants–Appellees.

No. 95–56843.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 1997.

Decided Aug. 25, 1997.

R.G. Bellows, San Diego, CA, for plaintiff-appellant.

Kristine Blackwood, Assistant United States Attorney, Los Angeles, CA, for defendant-appellee National Credit Union.

Paul F. Schimley, Anderson, McPharlin & Conners, Los Angeles, CA, for defendants-appellees Health Associates, F.C.U., et al.

Before: FLETCHER and PREGERSON, Circuit Judges, and WEXLER,* District Judge.

FLETCHER, Circuit Judge:

Robert Bruns appeals the district court's dismissal of his complaint against his former employer the Health Associates Federal Credit Union ("HAFCU"), its parent organization, officers and directors of HAFCU and its parent, the National Credit Union Administration ("NCUA"), and three NCUA employees. The district court determined that it lacked subject matter jurisdiction over Bruns' claims and that venue was improper. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. However, we remand the case to the district court with instructions to remand certain of Bruns' claims to the state court.

## I. FACTS [1]

■ Robert Bruns became HAFCU's CEO on March 1, 1993. His oral employment contract provided that he would be employed for no less than three years, could be terminated for just cause, and would receive a base salary, benefits, and an annual performance bonus of up to $30,000. The oral contract included the implied requirement that HAFCU indemnify Bruns against regulator claims and other actions arising in the course of his employment.

At some point between March and November 1993, Bruns initiated a bond claim on behalf of HAFCU against certain of its officers and directors. In November 1993, HAFCU suspended Bruns without pay. As

---

* Honorable Leonard D. Wexler, Senior United States District Judge for the Eastern District of New York, sitting by designation.

1. Because Bruns appeals from the district court's dismissal of his case, we construe the allegations

of the complaint favorably to him. *Scheuer v. Rhodes*, 416 U.S. 232, 236–37, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974).

of January 1, 1994, HAFCU refused to pay for Bruns' insurance and other benefits. On March 24, 1994, HAFCU discharged Bruns. HAFCU also refused to indemnify and defend Bruns against claims the NCUA brought against him.

## II. PROCEDURAL HISTORY

On March 20, 1995, Bruns filed a complaint in the U.S. District Court for the Central District of California against HAFCU, HAFCU's parent organization, various HAFCU officers and directors, the NCUA, and three NCUA employees. On March 22, 1994, District Judge McLaughlin issued an order to show cause ("OSC") why the case should not be dismissed for lack of subject matter jurisdiction or for improper venue. Bruns responded to the OSC on March 27, 1995. The government responded on April 11, 1995. On April 12, 1995, the district court dismissed the complaint for lack of subject matter jurisdiction and, in the alternative, for improper venue.

On March 23, 1995, the day after the district court issued its OSC, Bruns filed an identical complaint in state court. On August 23, 1995, the NCUA removed the case to federal district court, where it was eventually reassigned to Judge McLaughlin. On September 15, 1995, the district court again ordered Bruns to show cause why the case should not be dismissed. After Bruns, the government, and HAFCU responded, the court again dismissed the action. As in the first dismissal, the district court found subject matter jurisdiction lacking and, alternatively, that venue was improper.

On October 6, 1995, the district court entered judgment dismissing Bruns' claims without prejudice. Despite Bruns' requests in his response to the OSC and after the judgment issued, the district court did not remand Bruns' claims against the non-federal defendants (all defendants other than NCUA and its employees) to the state court. Bruns timely appealed.

## III. STANDARD OF REVIEW

■■■ We review de novo the district court's dismissal for lack of subject matter jurisdiction. *Wilson v. A.H. Belo Corp.*, 87 F.3d 393, 396 (9th Cir.1996); *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas,* *S.A.*, 20 F.3d 987, 990 (9th Cir.1994). We review for an abuse of discretion the district court's dismissal based on improper venue. *King v. Russell,* 963 F.2d 1301, 1304 (9th Cir.1992). We have not articulated previously a standard of review for a district court's failure to remand as required by 28 U.S.C. § 1447(c). However, where a statute divests the district court of discretion, our review is not limited to whether the district court abused its discretion. *See Purcell v. United States,* 1 F.3d 932, 943 (9th Cir.1993); *Twin City Sportservice, Inc. v. Charles O. Finley & Co., Inc.,* 676 F.2d 1291, 1310 (9th Cir. 1982).

## IV. DISCUSSION

In his responses to the district court's OSCs and in his appellate brief, Bruns has offered varying descriptions of his claims and the purported bases on which those claims support federal jurisdiction. However, Bruns' complaint does not allege facts supporting federal jurisdiction under any of the bases on which he now relies.

## A. CLAIMS AGAINST THE NCUA

Bruns' complaint alleges that the NCUA conspired with the other defendants "to suspend and constructively terminate" him. The complaint alleges that, in furtherance of this conspiracy, the NCUA caused other HAFCU directors to resign, caused co-conspirators to be elected to the HAFCU board, and caused the board to suspend and terminate Bruns. These acts "were in violation of the provisions of HAFCU By–Laws and applicable statutes." The conspiracy was retaliatory against Bruns and violated his civil rights. Bruns also alleges that the NCUA wrongfully terminated him in retaliation for pursuing a bond claim and tortiously interfered with his employment contract with HAFCU, causing him severe emotional distress. The complaint does not state the legal foundation for these latter causes of action.

In his response to the district court's first OSC, Bruns explained that "this action arises under the Fifth Amendment to the Constitution of the United States and under 12 USC [sic] Sections 1789(a)(27) and 1790b(b)." In responding to the second OSC, Bruns direct-

ed the district court's attention to his prior response. Bruns now claims that the "applicable statutes" under which he is suing the NCUA are 12 U.S.C. §§ 1786, 1789(a)(27), and 1790b(b), and 42 U.S.C. § 1986.[2]

## 1. The FCUA

■ Bruns argues that the "applicable statutes" to which he refers in paragraphs 9 and 30 of the complaint include 12 U.S.C. §§ 1789(a)(2), 1790b(b), and 1786. Section 1789(a)(2) contains the NCUA's "sue and be sued" clause. Section 1790b(b) provides protection to "whistleblowers." Section 1786 establishes procedures for the NCUA's removal of a credit union officer or employee. Bruns has no claim against the NCUA under any of these provisions.

### Section 1789(a)(2)

The FCUA provides that the NCUA may sue and be sued, complain and defend, in any court of law or equity, State or Federal. All suits of a civil nature at common law or in equity to which the Board shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy.

12 U.S.C. § 1789(a)(2). The government removed Bruns' state court action to the district court under this section.

However, the FCUA's "sue and be sued" clause is constrained by the Federal Tort Claims Act ("FTCA"), which provides the exclusive remedy for suits against a federal agency based on claims which are "cognizable" under 28 U.S.C. § 1346(b). *See* 28 U.S.C. § 2679(a). Section 1346(b) grants the federal courts jurisdiction over claims

against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Bruns seeks money damages for wrongful acts by the NCUA and its employees which allegedly resulted in loss of property (his job and benefits) and personal injury (emotional distress); Bruns does not allege that the NCUA or its employees acted outside the scope of their authority. His tort claims therefore are cognizable under section 1346(b), and the FTCA provides Bruns' exclusive avenue for pursuing those claims against the NCUA.

Bruns has not exhausted his administrative remedies, a jurisdictional prerequisite to an FTCA suit in federal court. *See* 28 U.S.C. § 2675(a); *Meridian Int'l Logistics, Inc. v. United States,* 939 F.2d 740, 743 (9th Cir. 1991). The FTCA therefore does not provide a jurisdictional basis for Bruns' claims against the NCUA.[3]

### Section 1790b(b)

The FCUA protects credit union employees against discrimination or discharge "because the employee . . . provided information to the [NCUA] Board or the Attorney General regarding any possible violation of any law or regulation by the credit union or any director, officer, or employee of the credit union." 12 U.S.C. § 1790b(a). "Any employee or former employee who believes he has been discharged . . . in violation of subsection (a) . . . may file a civil action in the appropriate United States district court." *Id.* § 1790b(b). Bruns claims he was suspended and terminated in retaliation for pursuing a bond claim against certain HAFCU officers and directors. However, Bruns has styled his claims of retaliation as (a) conspiracy and (b) wrongful termination in violation of public policy. He does not allege that he provided any information to the NCUA or to the Attorney General regarding illegal con-

---

**2.** The Federal Credit Union Act, 12 U.S.C. §§ 1751–1795k ("FCUA") does not contain a section 1789(a)(27). 42 U.S.C. § 1986 bears no relation to Bruns' claims. Construing Bruns' complaint generously, we will consider whether Bruns has stated a claim against the NCUA under 12 U.S.C. § 1789(a)(2) (the FCUA's "sue and be sued" clause) or 42 U.S.C. § 1985 (civil rights deprivation conspiracy).

**3.** Bruns has advised us that he "has chosen not to proceed under the FTCA," and "has no interest in a FTCA action."

duct by HAFCU or its directors, officers, or employees. While we construe Bruns' complaint liberally, we find no a claim under section 1790b.[4]

### Section 1786

Section 1786(g) establishes an administrative process for the NCUA to follow in removing a federal credit union officer. Nowhere in Bruns' complaint does he allege that the NCUA suspended and terminated him without affording him the procedural guarantees of section 1786(g). He claims instead that HAFCU suspended and terminated him pursuant to a conspiracy with the NCUA and others.

Even if Bruns' claims do arise under § 1786(g), several courts have concluded that no private right of action exists under that section. *E.g., Ridenour v. Andrews Fed. Credit Union,* 897 F.2d 715, 720–21 (4th Cir. 1990); *Heller v. CACL Fed. Credit Union,* 775 F.Supp. 839, 842 (E.D.Pa.1991); *Montford v. Robins Fed. Credit Union,* 691 F.Supp. 347, 351 (M.D.Ga.1988); *National Temple Non–Profit Corp. v. National Temple Community Fed. Credit Union,* 603 F.Supp. 807, 808–09 (E.D.Pa.1985). We see no reason to hold otherwise.

Bruns stated in response to the district court's first OSC that he was not seeking to "enforce" the FCUA, and that his claim therefore was distinguishable from the above-cited cases. He now claims, however, that he has been deprived of his "statutory rights, including notice and direct access to the circuit courts for judicial review." We reject this argument. If Bruns' claim arises as a result of some action taken by the NCUA to terminate him, he must proceed under the FCUA by first exhausting his administrative remedies and then seeking judicial review as provided under section 1786(j). Bruns cannot base his claims on the NCUA's failure to follow the statutory procedures, because no private right of action exists for such a claim. Section 1786 does not support Bruns' claims against the NCUA.

### 2. The Fifth Amendment

Bruns' complaint does not allege that any of his causes of action arise under any provision of the United States Constitution. Nor does Bruns' complaint allege that the NCUA deprived him of any liberty or property interest without due process. As pled, Bruns' claims sound in tort and contract.

■■■ Bruns now argues that the NCUA's actions violated his Fifth Amendment due process rights. The Supreme Court has found an implied private right of action against federal officials for tortious deprivations of constitutional rights. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Bruns correctly states that the FTCA does not exclude a *Bivens* claim, since a constitutional tort is not cognizable under 28 U.S.C. § 1346(b). *FDIC v. Meyer,* 510 U.S. 471, 478, 114 S.Ct. 996, 1001, 127 L.Ed.2d 308 (1994). However, Bruns may not sue the NCUA directly for a "constitutional tort" under *Bivens.* In *FDIC v. Meyer,* the Supreme Court held that an individual may not bring a *Bivens* claim for damages directly against a federal agency, even if the agency has waived sovereign immunity through a "sue and be sued" clause. 510 U.S. at 486, 114 S.Ct. at 1005. Bruns therefore has no *Bivens* claim against the NCUA.

### 3. 42 U.S.C. § 1985

■■ Bruns argues that his cause of action against the NCUA for conspiring to suspend and terminate him arises under 42 U.S.C. § 1985. He did not raise this argument below.

Section 1985 prohibits conspiracies to prevent a federal officer from performing her duties, to obstruct justice, or to deprive a person or class of equal protection, equal privileges and immunities, or the right to vote. 42 U.S.C. § 1985. Section 1985 provides a cause of action for damages for personal or property injury only in relation to the enumerated conspiracies. *Id.* § 1985(c). Also, the Supreme Court has held that section 1985(3) applies only to conspiracies based on racial bias and does not reach conspiracies motivated by economic consider-

---

4. Even if Bruns did plead a violation of section 1790b(a), his cause of action under section 1790b(b) lies only against the credit union, not the NCUA.

ations. *United Brotherhood of Carpenters & Joiners of America, Local 610 v. Scott,* 463 U.S. 825, 837, 103 S.Ct. 3352, 3360, 77 L.Ed.2d 1049 (1983) ("[W]e find no convincing support ... for the proposition that [§ 1985] was intended to reach conspiracies motivated by bias towards others on account of their *economic* views, status, or activities."). Even the most generous reading of Bruns' complaint fails to elucidate a claim under section 1985.

## B. CLAIMS AGAINST NCUA EMPLOYEES

Bruns concedes that he has no claim against the individual NCUA employees under the FTCA or the FCUA. Bruns argues, however, that he has pled a *Bivens* claim against the individual federal employees.

■ Government employees may be liable for damages resulting from their constitutional torts. *See Bivens,* 403 U.S. at 395–96, 91 S.Ct. at 2003–04 (creating a cause of action for damages against federal officers for Fourth Amendment violations). In *Davis v. Passman,* 442 U.S. 228, 242, 99 S.Ct. 2264, 2275, 60 L.Ed.2d 846 (1979), the Supreme Court held that federal officers could be sued for damages based on violations of the Fifth Amendment. The Court has since held that the FTCA does not preclude a *Bivens* suit because *Bivens* may provide more effective remedies than the FTCA, *Carlson v. Green,* 446 U.S. 14, 22, 100 S.Ct. 1468, 1473, 64 L.Ed.2d 15 (1980), and because constitutional torts are not cognizable under 28 U.S.C. § 1346. *FDIC v. Meyer,* 510 U.S. at 478, 114 S.Ct. at 1001.

■ Nevertheless, Bruns has not pled a colorable *Bivens* claim against the individual NCUA employees. Although Bruns has alluded to the Fifth Amendment in his response to the first OSC and in his appellate brief, his complaint does not expressly allege that the NCUA employees deprived him of a protected liberty or property interest. While we might construe the complaint as alleging that the NCUA employees deprived Bruns of his job without due process, he has not alleged that he had a constitutionally protected interest in his position at HAFCU. *See Board of Regents v. Roth,* 408 U.S. 564, 578, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972)

(discussing whether state university employee had property interest in continued employment); *Gini v. Las Vegas Metro. Police Dep't,* 40 F.3d 1041, 1044 (9th Cir.1994) ("Discharge assumes [a] constitutional dimension when the employee has a property interest in continued employment ... as a result of which she may not be terminated without due process."). Nor has Bruns alleged that the NCUA employees publicized charges against him that damaged his reputation or "impose[d] on him a stigma or other disability that foreclose[d] his freedom to take advantage of other employment opportunities." *Roth,* 408 U.S. at 573, 92 S.Ct. at 2707.

■ "[T]he right to hold specific private employment and to follow a chosen profession free from unreasonable governmental interference comes within the 'liberty' and 'property' concepts of the Fifth Amendment," *Greene v. McElroy,* 360 U.S. 474, 492, 79 S.Ct. 1400, 1411, 3 L.Ed.2d 1377 (1959) (dictum). But even if we assume that Bruns had a property interest in his continued employment as CEO of HAFCU, his complaint fails to allege that the NCUA employees participated in depriving him of that interest without affording him due process. *See id.* at 492–93, 79 S.Ct. at 1411–12.

Bruns' complaint does state that the NCUA employees conspired with the other defendants to replace HAFCU board members and to suspend and terminate Bruns. In *Merritt v. Mackey,* 827 F.2d 1368, 1371 (9th Cir.1987), a divided court held that an employee of a private company which contracted with a federal agency had a property interest in his employment that was protected by the Fifth Amendment against interference by federal officials. The majority explained: " 'The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.' " *Id.* (quoting *Johnson v. Duffy,* 588 F.2d 740, 743–44 (9th Cir.1978)). Similarly, this court found a colorable *Bivens* claim against an FBI agent where the plaintiff was fired from

his private-sector job after refusing to assist in the agent's investigation. *DiMartini v. Ferrin,* 889 F.2d 922 (9th Cir.1989), *amended* 906 F.2d 465 (9th Cir.1990).

■ Here, however, we would have to read numerous unalleged facts into Bruns' complaint in order to find a *Bivens* claim against the NCUA employees. We decline to do so because "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Board of Regents,* 673 F.2d 266, 268 (9th Cir.1982). Bruns has failed to make out a *Bivens* claim against the individual NCUA employees.

## C. ADDITIONAL FCUA CLAIMS

We briefly consider whether any of Bruns' claims against the non-federal defendants provides a basis for federal subject matter jurisdiction.

### 1. Section 1790b Claim Against HAFCU

■ Bruns has not explicitly pled that his claim arises under the FCUA's whistleblower provision, 12 U.S.C. § 1790b. Nor does he allege that he provided any information to the NCUA or the Attorney General and that HAFCU retaliated against him as a result. Furthermore, Bruns did not follow the procedures mandated in section 1790b(b) for pursuing a "whistleblower" claim against HAFCU. Section 1790b therefore does not support federal jurisdiction over Bruns' claims against HAFCU or the other credit union defendants.

### 2. HAFCU By-laws

Bruns argues that his complaint states a claim against the non-federal defendants for violating the HAFCU by-laws. Under the FCUA, the NCUA must promulgate and HAFCU must adopt by-laws. *See* 12 U.S.C. § 1758. The NCUA has promulgated standard-form by-laws for federally-insured credit unions. 12 C.F.R. § 701.2(a)-(d)(1).

■ However, the FCUA does not expressly provide a private right of action "for aggrieved employees challenging a violation of the bylaws." *Montford v. Robins Fed. Credit Union,* 691 F.Supp. 347, 351, 352 (M.D.Ga.1988). Nor does the FCUA contain an implied private right of action to bring such a claim. *Id.* In *Montford,* the court carefully examined the language and history of the FCUA and concluded that "the [NCUA] Board is the proper body to hear complaints concerning the alleged violation of credit union bylaws." *Id.* at 355. The court reasoned that in providing an extensive remedial scheme in the FCUA, Congress intended to give the NCUA, rather than the federal courts, the authority and power to resolve disputes between credit unions and their terminated employees. *Id.* Bruns therefore has no claim supporting federal jurisdiction based on HAFCU's alleged violation of its by-laws.

## D. FAILURE TO REMAND

■ Bruns requested in his response to the second OSC that the district court remand his case to the state court upon its anticipated dismissal. The district court dismissed Bruns' action without prejudice, but did not remand the case to the state court.[5] The district court erred in failing to remand Bruns' remaining claims to the Orange County Superior Court.

The government removed Bruns' complaint to the district court under 12 U.S.C. § 1789(a)(2) (the FCUA's sue and be sued clause), and 28 U.S.C. §§ 1441 and 1446. In a removed action, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). Section 1447(c) is mandatory, not discretionary. *See Roach v. West Virginia Reg'l Jail & Correctional Auth.,* 74 F.3d 46, 49 (4th Cir.1996) (where subject matter jurisdiction is lacking, district court must remand to state court even if futile); *Smith v. Wisconsin Dep't of Agric.,*

5. On December 1, 1995, Bruns' attorney faxed a letter to the clerk of the district court requesting that court remand his remaining claims. The clerk responded by admonishing Bruns' counsel for communicating with the court ex parte. The district court did not remand the case in response to Bruns' request.

*Trade and Consumer Protection,* 23 F.3d 1134, 1142 (7th Cir.1994) (remand is mandatory under section 1447(c)). Section 1447(c) applies to cases removed under an agency's sue and be sued clause as well as under section 1441. *Federal Sav. & Loan Ins. Corp. v. Frumenti Dev. Corp.,* 857 F.2d 665, 669 (9th Cir.1988).

The district court's dismissal without prejudice was not a final judgment on the merits of Bruns' claims. Upon determining that it lacked subject matter jurisdiction, the district court was required to remand Bruns' claims against the non-federal defendants to the state court.

### V. CONCLUSION

None of Bruns' claims provide a basis for federal subject matter jurisdiction. We therefore affirm the district court's judgment dismissing the complaint. However, the district court erred in failing to remand Bruns' claims against the non-federal defendants to the state court, as required under 28 U.S.C. § 1447(c). We therefore remand the case to the district court with instructions that it remand Bruns' claims against the non-federal defendants to the Orange County Superior Court.

**AFFIRMED and REMANDED with instructions.**