John BARRIER, husband; Guy Barrier, wife; Barrier Industries, a Washington corporation, dba Barrier Industrial Centers, Plaintiffs—Appellees,

v.

CITY OF AIRWAY HEIGHTS; Brian Grady, husband; Jane Doe Grady, wife; Gordon Howell, husband; Jane Doe Howell, wife; Ron Hand husband; Jane Doe Hand wife; Rudy Torres, husband; Jane Doe Torres, wife; Keith Sullivan, husband; Jane Doe Sullivan, wife, Defendants—Appellants.

No. 00–35472.

D.C. No. CV–99–00240–JLQ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 2002.

Decided June 18, 2002.

Before BRUNETTI, TROTT, and McKEOWN, Circuit Judges.

## MEMORANDUM *

City officials of Airway Heights appeal the district court's dismissal of their qualified immunity defense to three claims brought by John Barrier. We reverse.

### I. Equal Protection Claim

In order to survive summary judgment for purposes of qualified immunity, Barrier must first demonstrate a constitutional violation on the facts alleged. *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Nelson v. Heiss,* 271 F.3d 891, 894 (9th Cir.2001). He has not. At this stage of the qualified immunity analysis, we will often accept as true facts alleged in affidavits in the form of hearsay or other inadmissible forms. *DiMartini v. Ferrin,* 889 F.2d 922 (9th Cir.1989), *amended on other grounds,* 906 F.2d 465 (9th Cir.1990). Nonetheless, Barrier must still go beyond the pleadings in alleging such facts. Fed.R.Civ.P. 56(e); *Maraziti v. First Interstate Bank,* 953 F.2d 520, 524 (9th Cir.1992) (citing *DiMartini* for proposition that "while facts in affidavits must be accepted as true, 'general allegations or denials in the complaint or pleadings are not sufficient to withstand summary judgment' ").

■ For purposes of Barrier's equal protection claim, the law is clearly established that the city cannot single out Barrier by requiring architect approval as a consequence of criticizing the city's zoning policy. *See, e.g., Armendariz v. Penman,* 75 F.3d 1311, 1326 (9th Cir.1996) (en banc). Thus we must determine whether we can properly infer from the facts as alleged by Barrier-beyond the mere allegations in his complaint-that the city officials discretionary action was an arbitrary pretext for an impermissible motive. *Id.* at 1326–27. The only evidence Barrier has offered is the timing between the letter and the City's subsequent action. We have yet to hold that timing alone is sufficient to demonstrate a violation, and do not do so here, particularly when there is evidence that city officials were examining Barrier's permit even before he sent his letter. *Compare id.* at 1327 (denying summary judgment for officials when plaintiffs provided affidavit of commercial developer who stated that he met with the defendants who in turn discussed impermissible motives for enforcing building codes against plaintiffs); *cf. Soranno's Gasco, Inc. v. Morgan,* 874 F.2d 1310, 1314–16 (9th Cir.1989) (denying summary judgment for officials on First Amendment claim where "several facts" including deposition testimony of plaintiff recounting conversation in which defendant "allegedly intimated that he would 'somehow get even' with Soranno for embarrassing him" in addition to suspicious timing of defendant's actions allowed inference of retaliatory motive).

### II. First Amendment Claims

■ For the same reasons discussed above, we conclude that Barrier has not alleged sufficient facts to overcome summary judgement on his First Amendment retaliation claim. As for Barrier's claim that his First Amendment rights were violated when his access to city offices was restricted, we conclude that whether ana-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

lyzed under the right to petition framework or the free speech framework, Barrier's claim fails.

Even under the strictest scrutiny, *Meyer v. Grant,* 486 U.S. 414, 108 S.Ct. 1886, 100 L.Ed.2d 425 (1988), the City has a compelling interest in protecting its officials from perceived and admitted threats of physical violence, *cf. Cheema v. Thompson,* 67 F.3d 883, 885 (9th Cir.1995) (compelling interest in campus safety). Barrier does not deny that he wrote a letter to the city administrator admitting to the use of threatening language towards other officials. Nor does he dispute that a memo was sent to the city administrator from those city officials claiming that they "truly" believed they were in danger as a result of Barrier's behavior. Therefore, even viewing the evidence in the light most favorable to Barrier, as we must, the facts at this stage indicate that the city was acting to protect the safety of its employees by restricting Barrier's access.

As for narrow tailoring of the restrictions, Barrier was not "completely barred" from conducting business with city building authorities. Rather, he was still allowed to schedule meetings as necessary with building authority staff members. The city officials are therefore entitled to immunity.

REVERSED.