David A. FERNANDEZ, Plaintiff,

v.

TAOS MUNICIPAL SCHOOLS BOARD OF EDUCATION; Esther Winter, Director of Transportation; Dr. Marc Space, Superintendent, Defendants.

No. 05 CV 0123 PK/RHS.

United States District Court, D. New Mexico.

Sept. 26, 2005.

David A. Fernandez, Taos, NM, Pro se.

Frank J. Albetta, Esq., Cuddy, Kennedy, Albetta & Ives, LLP, Santa Fe, NM, Ramon Vigil, Jr., Esq, Cuddy Kennedy Albetta & Ives, LLP, Albuquerque, NM, for Taos Municipal Schools Board of Education, Esther Winter, Director of Transportation, Marc Space, Dr., Superintendent, defendants.

## ORDER

PAUL J. KELLY, JR., Circuit Judge, Sitting by Designation.

THIS MATTER comes on for consideration of Defendants' Motion to Dismiss for Failure to State a Claim on Which Relief Can Be Granted, filed July 21, 2005. Doc. 12. Upon consideration thereof, the motion will be granted in part and denied in part.

(1) *Background.* Mr. Fernandez, appearing pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated when he was terminated as a school bus driver by his employer. He seeks compensatory and punitive damages, and injunctive relief. He alleges that his employer, Faust Transportation, a contract school bus provider to Taos Municipal Schools, terminated him at the behest of school officials who failed to provide any explanation.

(2) *Defendants' Grounds.* Defendants move to dismiss for failure to state a claim. Fed.R.Civ.P. 12(b)(6). They contend that (1) Plaintiff has failed to specify the constitutional, employment, or human rights allegedly violated by the Defendants, (2) Plaintiff was an employee of Faust Transportation-not the school district-and therefore cannot proceed under § 1983 which requires state action, and (3) Plaintiff cannot recover punitive damages against the Defendant Board of Education and the individual Defendants sued in their official capacity. The court discusses the second argument first, and then the others in turn.

(3) *Legal Standard–State Action.* Only if it appears beyond doubt that Mr. Fernandez could prove no set of facts supporting his claim and entitling him to relief would dismissal at this stage be appropriate. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Because Mr. Fernandez appears pro se, his complaint must be construed liberally. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). Here, Mr. Fernandez was terminated by his private employer. Private conduct generally does not occur under color of state law, but there are exceptions and a State may be responsible where "it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky,* 457 U.S. 991, 1004, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982). The conduct causing the deprivation must "be fairly attributable to the State." *Lugar v.*

*Edmondson Oil Co., Inc.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).

■ Here, Mr. Fernandez alleges that he "is a fully accredited and licensed School Bus Driver and certified in every requirement." Doc. 1 at 3. He contends that Faust Transportation did not want to fire him and only did so at the direction a school district official. Specifically, Mr. Fernandez asserts:

> [B]eginning on November 9, 2004 to the present, Schools Transportation Director Esther Winter, who recommends School Bus Contracts to the Superintendent for approval, abused her position by intimidating [Mr. Fernandez's] employer; that she verbally directed [Mr. Fernandez's] employer that she did not want [Mr. Fernandez] to continue driving [sic] school bus; that she clearly implied to [Mr. Fernandez's] employer the threat of negative contract recommendations if her verbal instruction was not heeded . . . .

Doc. 1 at 2. He further asserts that he and his private employer sought to resolve the problem informally but that Ms. Winter "failed to respond" and the remaining Defendants were "aware of the matter but have also remained silent and unresponsive." *Id.* at 2–2A. Based on these allegations, it is premature to conclude that the private employer's actions cannot constitute state action necessary for a § 1983 claim, particularly where complaint alleges that the moving force behind the action is not the private employer, but a governmental official using her authority beyond its proper scope.

(4) *Specifying the Constitutional Right Involved.* Section 1983 creates no substantive rights, it is a procedural statute providing remedies for deprivations of federal rights. *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 816, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). Accordingly, Mr.

Fernandez must also allege facts in support of a constitutional or other statutory violation. The facts suggest, and Mr. Fernandez confirms in his response to the motion to dismiss, that he is seeking to vindicate a right to due process (arising under the Fourteenth Amendment). Mr. Fernandez claims that after ten years as a licensed and certified bus driver, the Director of Transportation, without any "formal or documented or written reason," began pressuring his employer to fire him. Doc. 1 at 3. He also claims that he and his employer attempted to meet with school officials numerous times to resolve the problem, but that Defendants refused to respond. Thus, Faust Transportation felt it had no alternative but to fire Mr. Fernandez. *Id.* at 2. Allegedly, schools officials also failed to respond to Mr. Fernandez's and his employer's request for a written explanation after Mr. Fernandez was fired. *Id.* at 4. Assuming state action and taking these allegations as true, it appears Mr. Fernandez may be asserting a right to due process under *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). *Id.* 470 U.S. at 546, 105 S.Ct. 1487 ("The essential requirements of due process . . . are notice and an opportunity to respond."); *accord West v. Grand County,* 967 F.2d 362, 367 (10th Cir.1992).

■ Defendants point out that the procedural due process protections of the Fourteenth Amendment apply to legitimate claims of entitlement recognized by State law. *Town of Castle Rock, Colo. v. Gonzales,* —— U.S. ——, ——, 125 S.Ct. 2796, 2803, 162 L.Ed.2d 658 (2005); *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). They contend that Mr. Fernandez is not an employee of the school district who might be entitled to such protection. Doc. 16 (citing N.M. Stat. Ann. § 22–10A–24(C)). Defen-

dants do not address Mr. Fernandez's employment relationship with his private employer which could form the basis of a property interest protected by procedural due process when a government actor interferes with that employment. *See Merritt v. Mackey,* 827 F.2d 1368, 1371–72 (9th Cir.1987) (defendant state and federal officials not entitled to qualified immunity where counselor terminated by private employer at the behest of federal and state officials); *see also DiMartini v. Ferrin,* 889 F.2d 922, 928–929 (9th Cir.1989), *amended,* 906 F.2d 465 (9th Cir.1990). Be that as it may and regardless of whether Mr. Fernandez is an at-will employee, Mr. Fernandez is complaining about arbitrary government interference with his private employment, which is a recognized constitutional theory.[1] *See Waddell v. Forney,* 108 F.3d 889, 893–894 (8th Cir.1997); *Chernin v. Lyng,* 874 F.2d 501, 503–06 (8th Cir.1989). Though the court makes no prediction about the merits of this claim, dismissal at this stage of the case would be error. The court agrees with the Defendants that Mr. Fernandez's reliance on the Ninth Amendment is simply too vague to form any basis for liability. *See Griswold v. Conn.,* 381 U.S. 479, 488, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) (Goldberg, J., concurring) (discussing historical context of Ninth Amendment); *Belhomme v. Widnall,* 127 F.3d 1214, 1217 n. 4 (10th Cir. 1997).

■ (5) *Punitive Damages Claim–Official vs. Individual Capacity Issues.* Mr.

Fernandez seeks punitive damages in the amount of $30,000. Defendants are correct that punitive damages are not recoverable against municipal entities under § 1983. *Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); *Youren v. Tintic Sch. Dist.,* 343 F.3d 1296, 1307 (10th Cir.2003). Bringing suit against a public official in his or her official capacity is the same as bringing suit against the entity he or she represents. *Hafer v. Melo,* 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). However, to the extent Mr. Fernandez is seeking punitive damages against the named school officials in their individual capacities, such damages are recoverable. *Alden v. Maine,* 527 U.S. 706, 756, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999); *Hardeman v. City of Albuquerque,* 377 F.3d 1106, 1121 (10th Cir.2004). The claim for punitive damages suggests an individual capacity suit. *See Pride v. Does,* 997 F.2d 712, 715 (10th Cir.1993); *Shabazz v. Coughlin,* 852 F.2d 697, 700 (2d Cir.1988); *Gregory v. Chehi,* 843 F.2d 111, 119–20 (3d Cir.1988). Be that as it may, any punitive damages claim against Defendants Taos Municipal Schools Board of Education, Esther Winter (in her official capacity) and Dr. Marc Space (in his official capacity) must be dismissed.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that Defendants' Motion to Dismiss for Failure to State a Claim on Which Relief

---

**1.** In *Lenz v. Dewey,* 64 F.3d 547 (10th Cir. 1995), the panel majority concluded that the at-will status of a bank president foreclosed a procedural due process claim where federal and state bank regulators informed the bank board of potential adverse consequences should the president continue. *Id.* at 551. The bank president resigned and there was no evidence that the regulators did not act in good faith, nor was their any evidence that the regulators violated any law or knew or

should have known that their warnings to the employer (bank board) triggered due process rights. *Id.* Accordingly, the regulators were entitled to qualified immunity. *Id.* The panel majority did not discuss, let alone decide the contours of a federal right protecting against arbitrary government interference with private employment, although the dissent urged that the case be decided on such grounds. *Id.* at 554 (Seth, J., dissenting).

Can Be Granted, filed July 21, 2005 (Doc. 12), is granted in part and any punitive damages claim against Defendants Taos Municipal Schools Board of Education, Esther Winter (in her official capacity) and Dr. Marc Space (in his official capacity), is dismissed. In all other respects, the motion is denied.